IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIE FINNEY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:22-cv-00177-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Jennie Finney, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and this matter should be DISMISSED.

This case was previously administratively remanded by the Appeals Council. (Tr. 167-169.) At the most recent administrative hearing, held on March 23, 2021, Ms. Finney testified she was forty-seven years old. (Tr. 34.) She is a high school graduate and attended vocational college for one semester. (Tr. 35.)

The Administrative Law Judge (ALJ)[1] found Ms. Finney had not engaged in substantial gainful activity since January 31, 2018 - the application date. (Tr. 12.) She has "severe" impairments in the form of "diabetes mellitus with mild neuropathy; degenerative disc disease of the lumbar and thoracic spines; degenerative joint disease of the right shoulder, with a partial rotator cuff tear; osteoarthritis; hypertension; major depressive disorder; and hyperlipidemia." (*Id*.) The ALJ further found Ms. Finney did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.) The ALJ determined Ms. Finney had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments. (Tr. 14.) Based on the residual functional capacity assessment, the ALJ concluded Plaintiff could no longer perform her past relevant work as a hospital cleaner. (Tr. 19.) But utilizing the services of a vocational

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

expert, (Tr. 54-58), the ALJ determined Ms. Finney could perform other jobs that existed in significant numbers in the national economy such as merchandise marker and photocopier. (Tr. 20.) Accordingly, the ALJ determined Ms. Finney was not disabled. (*Id*.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Finney argues that the ALJ failed to fairly analyze the medical opinions in accordance with the regulations. (Doc. No. 12 at 30-44.) Specifically, she challenges the ALJ's evaluation of the opinions of her treating physician, Sebastian Spades, M.D., (*Id.* at 30-42), and believes the ALJ ignored limitations identified by the state agency doctors. (*Id.* at 42-44.)

As both sides agree, claims filed after March 27, 2017, like Ms. Finney's, are analyzed under 20 C.F.R. § 404.1520c. *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians. 20 C.F.R. § 404.1520c(a). The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from

other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the objective medical evidence, I find that the ALJ properly evaluated the opinions of Dr. Spades. Dr. Spades provided a letter stating, "It is in my medical opinion that this patient is medically disabled." (Tr. 365.) Dr. Spades also provided a Medical Source Statement – Physical whereby he concluded Ms. Finney was likely disabled. (Tr. 635-636.) In evaluating Dr. Spades' opinions, the ALJ stated:

> The claimant's treating physician, Sebastian Spades, MD, completed a Medical Source Statement in July 2019. However, Dr. Spades indicated that the information provided would be based on his own subjective opinion and not on objective medical evidence. With that being said, he opined that the claimant could lift and carry 10 pounds, stand and walk less than two hours in an eight-hour workday and for 30 minutes at one time, sit for two hours in an eight-hour workday and for 30 minutes in an eight hour workday, was unable to reach overhead and limited to occasional fingering and handling, could never climb or balance, and was limited to occasional stooping, kneeling, crouching, and bending. Dr. Spades opined that the claimant would require frequent rest periods, longer than normal breaks, and an opportunity to shift at will from sitting standing/walking. Dr. Spades also opined that the claimant must avoid all exposure to extreme heat and high humidity, avoid moderate exposure to sunlight, and avoid concentrated exposure to fumes, odors, dust, gas, and chemicals. Dr. Spades further opined that the claimant would miss more than three days of work per month based on her multiple medical problems, including the stress of family life, diabetes, lumbar pain, and right shoulder pain (Ex. B17F). This opinion is not considered persuasive.
>
> Dr. Spades reported that there is no objective evidence upon which this opinion was made. As such, he only relied on the claimant's subjective reports of pain. Additionally, the treatment notes by Dr. Spades do not indicate the severity with which he opined the claimant's condition. The claimant testified that Dr. Spades has told her she cannot work, but that is not supported anywhere in the record. Further, Dr. Spades lack of evidence contradicts the objective evidence in the record that reflects milder conditions that have been addressed by medication management. This opinion is also inconsistent with the claimant's activities of daily living including, but not limited to: driving to Oklahoma, caring for five children, attending her sons football games, shopping, paying bills, managing money, caring for pets, preparing meals. His opinion is likewise inconsistent with the objective testing as outlined above. Finally, his opinion is inconsistent with the claimant's

4

      non-compliance. (Ex. B1F/3, B5F/4) This opinion is not consistent with the record and cannot be considered persuasive.

(Tr. 18.)

While there is some evidence in the record to support Plaintiff's claims of limitation – both physically and psychologically - I cannot find reversible fault with the ALJ's assessment of the evidence in this case.  As the Commissioner points out, Dr. Spades' own treatment notes fail to support his conclusion that Plaintiff is disabled.  (Tr. 458-461, 503-506, 580-584, 588, 594-601, 644-648, 670-679, 699-708.)  Objective diagnostic tests also revealed nothing disabling.  (Tr. 511, 513, 515, 517, 575-578, 621-624.)

I agree with Plaintiff that the ALJ incorrectly stated, "Dr. Spades reported that there is no objective evidence upon which this opinion was made."  (Tr. 18; Doc. No. 12 at 32.)  But it is significant that, in his Medical Source Statement, Dr. Spades specifically crossed out the word, "objective" and wrote "subjective" regarding the medical evidence in support of his conclusions.  So, for the above reasons, the ALJ's assessment of Dr. Spades' opinions is well supported by substantial evidence.

Additionally, I find the Commissioner's argument about Plaintiff's non-compliance is persuasive.  (Doc. No. 14 at 10.)  As the Commissioner cites, I have consistently found that failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits.  *Weddington v. Saul*, 2020 WL 4555667, at *2 (E.D. Ark. Aug. 2020), *citing Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). Recognizing Plaintiff's counterargument that noncompliance may be a result of her mental illness, Ms. Finney's failure to follow Dr. Spades' treatment recommendations has been substantial. (Tr.   458, 461, 503, 596, 598, 651, 664, 676.)

Plaintiff lastly argues, "The ALJ ignored limitations identified by state agency doctors, despite finding those reports persuasive." (Doc. No. 12 at 42-44.) However, after careful review, I find he fairly applied the supportability and consistency factors as required by 20 C.F.R. § 416.920c.

While Plaintiff's counsel has done an admirable job advocating for Ms. Finney's rights, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). The overall evidence indicates Plaintiff is capable of performing a reduced range of light work and her impairments do not preclude all work activity.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 19th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE